UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY CANALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-07-442 |
| | § | |
| TELEMUNDO, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

On this day came on to be considered Plaintiff's Motion to Remand (D.E. 8), and Defendant's Motion to Dismiss or in the alternative Motion to Transfer Venue (D.E. 6). For the reasons set forth below, Plaintiff's Motion to Remand is hereby DENIED, and Defendant's Motion to Transfer Venue is hereby GRANTED.

### I.   BACKGROUND

On June 28, 2007, Plaintiff filed his original petition with the County Court at Law Number 2 of Nueces County, Texas, alleging breach of contract, tortious interference with prospective relations, and negligent misrepresentation. (D.E. 2, Ex. C.) Plaintiff then began a protracted effort to serve Defendant with process. It is not clear from the record when Plaintiff first attempted to effectuate service. On August 21, 2007, however, Michelle Williams, a process specialist for Defendant, returned Plaintiff's Petition and accompanying documents to Plaintiff with the message:

> Our records indicate that we represent more than entity beginning with the name TELEMUNDO. In order that we may properly process the enclosed document(s), we must be provided with the full name of the entity for which it is intended. (D.E. 2, Ex. B, p. 3.)

Plaintiff then attempted to serve Defendant by certified mail.  (D.E. 2, Ex. B, p. 9.)  The record indicates that Plaintiff's petition and accompanying documents were delivered to "Telemundo Communications, Licitte Simon, 2290 West 8th Avenue, Hialeah, Florida 33010," on September 28, 2007.  (D.E. 2, Ex. B, pp. 7, 11.)  Karel Pontigo, a maintenance assistant for Telemundo Network Group LLC, signed the return receipt, indicating that the documents had been received.  (D.E. 10, ¶ 19.)  The process server subsequently verified the delivery of the documents with an "Authorized Person Return," dated and notarized on October 12, 2007.  (D.E. 2, Ex. B, p. 9.)

It appears that the process server amended his "Authorized Person Return" on November 6, 2007, to include the name of Telemundo Communications' President, Don Brown.  (D.E. 2, Ex. B, p. 5.)  He also included the language: "I swear that I am a disinterested person and I am competent to make an oath of that fact."  (Id.)

On November 15, 2007, Defendant filed a Notice of Removal with this Court.  (D.E. 1.)  Defendant asserted that it "[had] yet to be properly served with process of this matter, but [had] received a copy of Plaintiff's Petition."  (Id., ¶ 3.)  Plaintiff contested this assertion in a Motion to Remand, filed December 14, 2007.  (D.E. 8.)  Plaintiff stated that "Telemundo was served with notice of the lawsuit and original petition on September 28, 2007,"[1] and, thus, that "Defendant failed to timely remove this claim to federal court."  (Id. at 2.)

On December 7, 2007, Defendant filed a Motion to Dismiss or in the alternative Motion to Transfer Venue.  (D.E. 6.)  Defendant argued that, pursuant to a mandatory forum selection

---

[1] Plaintiff cites "Exhibit A" to support his claim that Defendant was served on September 28, 2007.  Plaintiff did not, however, file an Exhibit A with his motion.  Regardless, Plaintiff attached Exhibit A to the courtesy copy of his motion delivered to the Court.  The Court's review of Exhibit A revealed that all of the relevant information contained therein is also contained in Exhibit B to Defendant's Amended Notice of Removal.  (D.E. 2, Ex. B.)  For purposes of this order, the Court will refer to Exhibit B to Defendant's Amended Notice of Removal and not to Plaintiff's Exhibit A, which is not properly part of the record.

clause in the agreement forming the basis of Plaintiff's suit, "[v]enue is improper in this district and is proper in the United States District Court for the Southern District of Florida, Miami Division …" (D.E. 6, ¶ 6.) Defendant attached a November 22, 2004 Program License Agreement (the "Agreement") between Telemundo Television Studios, LLC and Johnny Canales Entertainment Corporation to its motion. (D.E. 6, Ex. A.) The Agreement includes the following language:

> This Agreement will be governed, construed and enforced in accordance with the laws of the State of Florida (without regard to its choice of law principles).
>
> Any action, proceeding or litigation (an "Action") arising out of or relating to this Agreement must be instituted and prosecuted only in the Federal or State courts located within Miami-Dade County, Florida, and each party submits to the jurisdiction of such courts and waives any right to cause such Action to be tried elsewhere.

(D.E. 6, Ex. A, Schedule B, ¶ 19(a)-(b).) Defendant also argued that Plaintiff's complaint should be dismissed pursuant to Rule 12(c) for failure to state a claim upon which relief can be granted.

Plaintiff did not file a response to Defendant's motion to dismiss or transfer within the twenty-day period prescribed by the Local Rules of the Southern District of Texas. See S.D. Tex. Local Rules 7.3 & 7.4.[2] Pursuant to Local Rule 7.4, "[f]ailure to respond [is] taken as a representation of no opposition."

## II. DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff moves to remand its case to state court, arguing that Defendant's removal was not timely. (D.E. 8.) Plaintiff asserts that Defendant did not file its notice of removal within the thirty-day period prescribed by 28 U.S.C. § 1446(b). Id.

---

[2] Plaintiff filed its response on January 6, 2007, ten days after the response was due. (D.E. 11.)

Section 1446(b) provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ..." The Supreme Court has held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 347-348 (1999).

Plaintiff's sole argument in its motion to remand is that, pursuant to the Fifth Circuit's opinion in Reece v. Wal-Mart Stores, Inc., 98 F.3d 839 (5th Cir. 1996), "the thirty-day [removal] period begins when the defendant receives a copy of the initial pleading through *any* means, not just service of process." This opinion, however, was expressly overturned by the Supreme Court's decision in Murphy Bros. 526 U.S. at 347-348. As discussed above, Murphy Bros holds that "mere receipt of the complaint unattended by any formal service" is *not* sufficient to start the thirty-day removal period. Id.

Furthermore, a review of the evidence demonstrates that Plaintiff has not served Defendant in accordance with Texas law. Texas law states that service of process on a corporation must be directed to the president, vice president, or registered agent of the corporation. Tex. Bus. Corp. Act. Art. 2.11; Zubia v. Paul J. Coleman & Assocs., P.C., 2006 U.S. Dist. LEXIS 95894, 1-2 (W.D. Tex. 2006); Bolden v. Greenpoint Mortg. Funding, Inc., 2004 U.S. Dist. LEXIS 20508, at *14-15 (D. Tex. Oct. 13, 2004). Plaintiff's service was not directed to any of these people, but, rather, to Lisette Simon, in-house counsel for Telemundo Network Group, Inc. (D.E. 10, ¶ 19.) In addition, to effectuate service via certified mail, return

receipt requested, the return receipt must be signed by the addressee. See, e.g. Sw. Sec. Servs. v. Gamboa, 172 S.W.3d 90 (Tex. App. 2005) (holding that where return receipt was not signed by the addressee, service of process was fatally defective); Johnson v. Johnson, 2004 Tex. App. LEXIS 10343 (Tex. App. 2004). In this case, the return receipt was signed by Karel Pontigo, a maintenance assistant for Telemundo Network Group LLC, not Lisette Simon, the addressee. (D.E. 10, ¶ 19.) Thus, even if Ms. Simon had been the president, vice president, or registered agent for Telemundo, service of process would still have been fatally flawed.

Because Plaintiff has not adequately served Defendant with process, the thirty-day removal period has not commenced. Thus, Plaintiff's motion to remand based on Defendant's untimeliness is hereby DENIED.

### B. Defendant's Motion to Dismiss or Transfer

Defendant seeks to dismiss Plaintiff's case pursuant to Rule 12(b)(3) or, in the alternative, transfer Plaintiff's case to the United States District Court for the Southern District of Florida, Miami Division, based on a mandatory forum selection clause in the Agreement between the parties. (D.E. 6.) Plaintiff also seeks dismissal of Plaintiff's case pursuant to Rule 12(c) for failure to state a claim upon which relief can be granted. (Id.)

#### a. Defendant's Rule 12(b)(3) Motion to Dismiss

This Court has held that "the proper procedure to enforce a forum selection clause that provides for suit in another federal court is through §1404(a) …" Canvas Records, Inc. v. Koch Ent. Dist., LLC, C.A. No. H-07-0373, 2007 U.S. Dist. LEXIS 31117, *16 (S.D. Tex. Apr. 27, 2007) (citing Southeastern Consulting Group, Inc. v. Maximus, Inc., 387 F. Supp.2d 681, 683-84 (S.D. Miss. 2005); Speed v. Omega Protein, Inc., 246 F. Supp.2d 668, 671 (S.D. Tex. 2003); Dorsey v. N. Life Ins. Co., 2004 U.S. Dist. LEXIS 22443 at *35-37 (E.D. La. Nov. 5, 2004);

Lafargue v. Union Pacific R.R., 154 F. Supp.2d 1078, 1084-85 (E.D. Tex. 2000)).  The forum selection clause at issue here allows for suit in the United States District Court for the Southern District of Florida, Miami Division.  (D.E. 6, Ex. A, Schedule B, ¶ 19(a)-(b).)  Defendant's Rule 12(b)(3) motion to dismiss is, thus, DENIED, and the Court will consider whether transfer under §1404(a) is appropriate.

### b. Defendant's Rule 1404(a) Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  It is Defendants' burden to demonstrate to this Court that transfer of this case to the United States District Court for the Southern District of Florida, Miami Division, is appropriate.  See Peteet v. Dow Chem. Co., 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966).

The threshold question under 28 U.S.C. § 1404(a) is whether the case "might have been brought" in the United States District Court for the Southern District of Florida, Miami Division. In re Horseshoe Entm't, 337 F.3d 429, 433 (5th Cir. 2003); see also In re Volkswagen AG, 371 F.3d 201, 202 (5th Cir. 2004) ("the first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.").  The Court must then determine whether the case should be transferred for the convenience of the parties and witnesses, and in the interests of justice.  See 28 U.S.C. § 1404(a).

The existence of a forum selection clause affects the Court's resolution of the second inquiry, *i.e.*, whether the case should be transferred for the convenience of the parties and witnesses, and in the interests of justice.  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29

(1988). To determine whether the forum selection clause weighs in favor of transfer, the Court must determine whether the clause (1) applies to Plaintiff's claims, and (2) is enforceable. For purposes of this order, the Court will first resolve the issues related to the forum selection clause, and then determine whether transfer pursuant to §1404(a) is appropriate.

### 1. Does the Forum Selection Clause Apply to Plaintiff's Claims?

"Before we can consider enforcing a forum selection clause, we must first determine 'whether the clause applies to the type of claims asserted in the lawsuit.'" Braspetro Oil Servs. Co. - Brasoil v. Modec (USA), Inc., 240 Fed. Appx. 612, 616 (5th Cir. 2007) (quoting Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 692 (8th Cir. 1997)). "In this inquiry we 'look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clause[].'" Braspetro Oil Servs. Co., 240 Fed. Appx. at 616 (quoting Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 222 (5th Cir. 1998)).

The Agreement between the parties states that "[a]ny action, proceeding or litigation … *arising out of or relating to this Agreement* must be instituted and prosecuted only in the Federal or State courts located within Miami-Dade County, Florida …" (D.E. 6, Ex. A, Schedule B, ¶ 19(a)-(b) (emphasis added).) While Plaintiff's complaint is extremely vague with respect to factual bases for Plaintiff's claims, during the initial pretrial conference held on January 7, 2008, it became apparent that Plaintiff's claims are "relat[ed] to" the Agreement between the parties. Id. Plaintiff specified during the conference that all of his claims are premised upon Defendant's alleged oral representations to Plaintiff that Defendant would continue to employ Plaintiff after the expiration of the Agreement. The Agreement contains a provision titled "Options" that sets forth the exclusive mechanism through which Defendant will extend Plaintiff's contract. (D.E.

6, Ex. A, ¶ 2(h).)  Any claims based on representations that Defendant would invoke this mechanism are necessarily related to the Agreement.

### 2.      Is the Forum Selection Clause Enforceable?

"Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases."  Braspetro Oil Servs. Co., 240 Fed. Appx. at 615 (citing Haynsworth v. The Corp., 121 F.3d 956, 962 (5th Cir. 1997)).  "Such clauses 'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances.'"  Braspetro Oil Servs. Co., 240 Fed. Appx. at 615 (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).  "The party resisting application of the forum selection clause has a 'heavy burden of proof.'"  Braspetro Oil Servs. Co., 240 Fed. Appx. at 615 (quoting M/S Bremen, 407 U.S. at 17).

Having declined to file a timely response to Defendant's motion to dismiss or transfer, Plaintiff has not met his "heavy burden of proof."  Id.  Thus, the Court finds that the forum selection clause is enforceable.

### 3.      Could Plaintiff's Case Have Been Brought In the Southern District Of Florida?

Pursuant to 28 U.S.C. §1391(a), "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought … in … a judicial district where any defendant resides, if all defendants reside in the same State …"  In addition, pursuant to 28 U.S.C. §1391(c), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Thus, venue is appropriate in the Southern District of Florida, Miami Division, if Defendant was subject to personal jurisdiction there at the time Plaintiff filed his complaint.

Notwithstanding Defendant's substantial ties to the Southern District of Florida – its principle place of business is located in Hialeah, Florida, Miami-Dade County (D.E. 1, ¶ 4) – Defendant consented to personal jurisdiction in "the Federal or State courts located within Miami-Dade County, Florida," when it agreed to the forum selection clause at issue here. (D.E. 6, Ex. A, Schedule B, ¶ 19(b) ("each party submits to the jurisdiction of such courts and waives any right to cause such Action to be tried elsewhere").) Thus, venue is proper in United States District Court for the Southern District of Florida, Miami Division.

### 4. Should the Case Be Transferred for the Convenience of the Parties and Witnesses?

"The determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." In re Volkswagen AG, 371 F.3d at 203; see also Action Indus., Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir. 2004) (citing Syndicate 420 at Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 827 (5th Cir. 1986)). The private interest factors include:

(1) the relative ease of access to sources of proof;
(2) the availability of compulsory process to secure the attendance of witnesses;
(3) the cost of attendance for willing witnesses; and
(4) all other practical problems that make trial of a case easy, expeditious and inexpensive.

See Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6 (1981). The public interest factors include:

(1) the administrative difficulties flowing from court congestion;
(2) the local interest in having localized interests decided at home;
(3) the familiarity of the forum with the law that will govern the case; and
(4) the avoidance of unnecessary conflict of law problems involving the application of foreign law.

See id; In re Volkswagen, 371 F.3d at 203.  The presence of a forum selection clause is also "a significant factor that figures centrally in the district court's calculus."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

Defendant argues that key witnesses involved in the negotiation and consummation of the Agreement between the parties, as well as Defendant's voluminous books and records related to the Agreement are located in Miami-Dade County, Florida. (D.E. 6, ¶ 14.)  Defendant states that the transfer of these witnesses and documents to Nueces County, Texas will substantially increase the cost of this litigation.  In light of these factors, the mandatory forum selection clause, and Plaintiff's failure to mount any timely objection to transfer, the Court finds that transfer to the Southern District of Florida, Miami Division is appropriate.

      **c.**    **Defendant's Rule 12(c) Motion to Dismiss**

Defendant has also moved to dismiss Plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(c) for failure to state a claim upon which relief can be granted.  (D.E. 6, ¶ 18.)  While Plaintiff's complaint is exceedingly vague, it is not the case that "plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  The Court suggests that a Rule 12(e) motion for a more definite statement, rather than a Rule 12(c) motion to dismiss, is a more appropriate vehicle for curing the deficiencies in Plaintiff's complaint.

## III.    CONCLUSION

For the foregoing reasons:

(1)    Plaintiff's Motion to Remand is DENIED;

(2)    Defendant's Rule 12(b)(3) Motion to Dismiss is DENIED;

(3)     Defendant's §1404(a) Motion to Transfer is GRANTED;

(4)     Defendant's Rule 12(c) Motion to Dismiss is DENIED.

SIGNED and ORDERED this 8th day of January, 2008.

_____
Janis Graham Jack
United States District Judge